GARY BERNARD SANDERS,                    )
                                         )
        Petitioner/Appellant,            )
                                         )       Davidson Chancery
                                         )       No.  95-3497-III
VS.                                      )
                                         )       Appeal No.
                                         )       01-A-01-9608-CH-00363
DON SUNQUIST, GOVERNOR OF                )
STATE OF TENNESSEE, ET AL,               )
                                         )
        Defendants/Appellees.            )

FILED

November 8, 1996

Cecil W. Crowson
Appellate Court Clerk

IN THE COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE

APPEAL FROM THE CHANCERY COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

HONORABLE ROBERT S. BRANDT, CHANCELLOR

PATRICIA C. KUSSMANN  #15506
Assistant Attorney General
404 James Robertson Parkway
Suite 2000, Parkway Towers
Nashville, TN 37243-0488
ATTORNEY FOR DEFENDANTS/APPELLEES

GARY BERNARD SANDERS #76973
Cold Creek Correctional Facility
P.O. Box 1000
Henning, TN 38041-1000
PRO SE/PLAINTIFF/APPELLANT

AFFIRMED AND REMANDED

HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:
SAMUEL L. LEWIS, JUDGE
BEN H. CANTRELL, JUDGE

GARY BERNARD SANDERS,    )
    )
    Petitioner/Appellant,    )
    )    **Davidson Chancery**
    )    **No. 95-3497-III**
VS.    )
    )    **Appeal No.**
    )    **01-A-01-9608-CH-00363**
DON SUNQUIST, GOVERNOR OF    )
STATE OF TENNESSEE, ET AL,    )
    )
    Defendants/Appellees.    )

# O P I N I O N

The captioned plaintiff, an inmate of the Department of Correction, filed this suit against the Governor, Commissioner of Correction and Commissioner of Correction, seeking a declaration of his rights to release from incarceration. The defendants filed a motion to dismiss supported by affidavit of an official of the Department of Correction. The motion was therefore a motion for summary judgment. T.R.C.P. Rule 12.02.

The Trial Court sustained the motion and dismissed the suit. Plaintiff has appealed and presented the following issues:

> I.    Whether the appellant asserted cognizable constitutional claims to survive a motion to dismiss under Rule 12.02(6), of the Tennessee Rules of Civil Procedure.

> II.    Whether Williams Tennessee Code Annotated Sections 10771 and 11771, are applicable to the appellant's felony-murder conviction and sentence as mandated by the Court in *Collins vs. State*, 550 S.W.2d 643 (Tenn. 1977).

> III.    Whether the denial of sentence reduction credits pursuant to Tennessee Code Annotated Sections 41-332, 41-334 and 41-358, violate the appellant's due process rights.

> IV.    Whether the retroactive application of the Governor's Executive Directive pursuant to Tennessee Code Annotated Section 41-1-504, violate due process and the ex post facto prohibition.

T.C.A. § 4-5-224 reads in part as follows:

> **Declaratory judgment**. - (a) The legal validity or applicability of a statute, rule or order of an agency to specified circumstances may be determined in a suit for a declaratory judgment in the chancery court of Davidson County, unless otherwise specifically provided by statute, if the court finds that the statute, rule or order, or its threatened application, interferes with or impairs, or threatens to interfere with or impair, the legal rights or privileges of the complainant. The agency shall be made a party to the suit.
>
> (b) A declaratory judgment shall not be rendered concerning the validity or applicability of a statute, rule or order unless the complainant has petitioned the agency for a declaratory order and the agency has refused to issue a declaratory order.

The complaint does not allege compliance with this statute. Therefore, the complaint fails to state a claim for which relief can be granted. This disposes of the first issue and renders unnecessary any discussion of other issues presented by plaintiff.

The judgment of the Trial Court dismissing this suit is affirmed. Costs of this appeal are assessed against the plaintiff. The cause is remanded to the Trial Court for any necessary further proceedings.

**AFFIRMED AND REMANDED**

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

_____
SAMUEL L. LEWIS, JUDGE

_____
BEN H. CANTRELL, JUDGE